UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | |
|---|---|
| GS HOLISTIC, LLC, § § *Plaintiff,* § § v. § § SRI MANAKAMANA INC d/b/a KUSH § CIGAR CBD AND KRATOM and § KUSHAL RAJ BASTAKOTI, § § *Defendants.* § | Civil Action No. 3:23-CV-0881-X |

## **MEMORANDUM OPINION, ORDER, AND FINAL JUDGMENT**

Plaintiff GS Holistic, LLC ("GS Holistic") sued Defendants Sri Manakamana Inc d/b/a Kush Cigar CBD and Kratom and Kushal Raj Bastakoti ("Defendants") for willful trademark infringement and trademark counterfeiting. GS Holistic now seeks a default judgment against Defendants that includes a damages award (Doc. 18). For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for default judgment and enters judgment in favor of GS Holistic.

### I.    Background

GS Holistic manufactures and sells the Stündenglass brand of glass infusers. GS Holistic has and has extensively used the Stündenglass trademark throughout the United States since 2020. GS Holistic's reputation for its use of premium materials in Stündenglass products is a central component of their value. These products are clearly trademarked, not only on the items themselves but also on the

1

packaging and in advertisements. As a result of GS Holistic's efforts, their products are among the most popular of their kind in the United States.

Defendants have sold goods with marks that purport to be the GS Holistic's trademarks. These products are inferior in quality to authentic Stündenglass products. These counterfeit products have not only deprived GS Holistic of revenue but have harmed their reputation for manufacturing and selling a product of superior quality.

On April 25, 2023, GS Holistic filed suit in this Court seeking, among other things, the destruction of infringing items. A little less than half a year after filing suit, GS Holistic moved for default judgment, and still to this day, no party has responded.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

A default judgment requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III.   Analysis

The Court deems the facts on liability to be admitted and finds Defendants not to be incompetent, a minor, or on active-duty status with the Uniformed Services of the United States of America. And while Rule 55 allows for hearings, it does not command them. GS Holistic's motion is supported by a declaration of damages.[5] As a result, a ruling without a hearing is proper.

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[3] *Id.*

[4] *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[5] *See* Doc. 18-2.

### A.     Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors. First, there are no material facts in dispute because Defendants have not filed any responsive pleading. Second, regarding substantial prejudice, Defendants' failure to respond could bring adversarial proceedings to a halt and substantially prejudice GS Holistic, but not itself. Third, Defendants' failure to respond or participate in this litigation clearly establishes grounds for the default. Fourth, regarding mistake or neglect, there is no reason to believe Defendants are acting under a good faith mistake or excusable neglect. They know that the products they are selling are counterfeit, and the pleadings have established that they have sold at least one counterfeit Stündenglass product at their store.[6] Fifth, regarding harshness of a default judgment, the Court is only awarding statutory damages for each mark–three in total–on the counterfeit product that was purchased by GS Holistic's investigator.[7] According to the pleadings, this is substantially less than the actual damages suffered by the GS Holistic.[8] The sixth factor is whether the Court would grant a motion to set aside the default. The pleadings, the lack of response, and the failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes a default judgment is appropriate under these circumstances.

---

[6] Doc. 18 at 9.

[7] *Id* at 9-11.

[8] *Id.*

B.     **Sufficiency of GS Holistic's Claim for Trademark Infringement**

Next, the Court must assess the merits of GS Holistic's claim of trademark infringement. Although Defendants, by virtue of their default, are deemed to have admitted GS Holistic's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[9]

To prove a trademark infringement claim, GS Holistic must prove two things: (1) ownership of a legally protected trademark and (2) a likelihood of confusion.[10] GS Holistic's pleadings, taken as true, meet these two elements. GS Holistic discusses three trademarks: First, a character mark with the U.S. Trademark Registration Number 6,633,884.[11] Second, a design plus word mark with the U.S. Trademark Registration Number 6,174,292.[12] And third, a character mark with the U.S. Trademark Registration Number 6,174,291.[13]

On the ownership element, while registration of a trademark is "prima facie evidence" of ownership, "ownership is established by use, not by registration."[14] Not only did GS Holistic register these three trademarks, it continuously used them on products and advertisements.[15] As to the confusion element, Defendants' sale of counterfeit GS Holistic products likely caused confusion and deceived consumers.

---

[9] *Nishimatsu*, 515 F.2d at 1206.

[10] *Pennzoil-Quaker State Co. v. Miller Oil and Gas Ops.*, 779 F.3d 290, 294 (5th Cir. 2015).

[11] Doc. 5 at 3.

[12] *Id.*

[13] Doc. 5 at 3; *see also* Doc. 18 at 4.

[14] *Viacom Int'l, Inc. v. IJR Capital Invs., L.L.C.*, 891 F.3d 178, 186 (5th Cir. 2018).

[15] Doc. 18 at 2-3; *see also* Doc. 5 at 3.

Accordingly, GS Holistic has pled its trademark infringement claim well.

### C. Relief

The Court now turns to the issue of relief. GS Holistic seeks monetary damages, costs and fees, and injunctive relief. On monetary damages, GS Holistic seeks statutory damages of $150,000, specifically $50,000 for each trademark that was infringed upon.[16] On statutory damages, the Court finds $5,000 adequate in this case based upon the marks infringed, profits made, and similarity to another Northern District of Texas case featuring the same plaintiff.[17] On costs and fees, GS Holistic seeks $1,047.89 in costs and fees related to litigating this case, specifically the filing fee ($402.00), the process server fee ($191.20), and investigation fees ($454.69).[18] The Court grants both of those requests and awards GS Holistic $16,047.89.

GS Holistic also seeks injunctive relief under 15 U.S.C. § 1116. First, GS Holistic seeks to prevent Defendants from further infringing on its trademarks. Second, GS Holistic seeks an order from this Court ordering the destruction of all infringing products in Defendants' possession under Section 1116.[19]

The Lanham Act awards courts the "power to grant injunctions according to the principles of equity and upon such terms as the court may deem reasonable."[19] A

---

[16] Doc. 18 at 11-12; *see* 15 U.S.C. § 1117(c).

[17] *See also GS Holistic, LLC v. Haz Invs., LLC*, No. 4:23-CV-00414-O, 2024 WL 874477, at *11 (N.D. Tex. Feb. 14, 2024), *report and recommendation adopted,* No. 4:23-CV-00414-O, 2024 WL 873023 (N.D. Tex. Feb. 29, 2024).

[18] *Id.*; Doc. 18-1 at 2; 15 U.S.C. § 1117.

[19] *Id.* at 12-13.

[19] 15 U.S.C. § 1116.

party seeking an injunction in the Fifth Circuit must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion.[20]

Here, the Court finds that GS Holistic has satisfied each factor. First, GS Holistic has proven that it suffered an irreparable injury by Defendants' sale of counterfeit Stündenglass products, including lost sales and irreparable harm to the brand's image.[21] As GS Holistic has demonstrated a likelihood of confusion, it has shown immediate and irreparable harm.

Second, that the Court finds that monetary damages alone are inadequate to compensate for GS Holistic's injury "[b]ecause the harm lies in damage to the trademark owner's reputation and inability to control the quality of services or products by the unauthorized user,"[22] which is "difficult to pinpoint as compensable damages."[23]

Third, GS Holistic has proven a remedy in equity is warranted. When balancing the potential harms to GS Holistic and Defendants, any potential harm suffered by Defendants is minimal when compared to the harm that could be suffered

---

[20] *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013).

[21] Doc. 18-2 (affidavit as to damages); Doc. 18-3 (affidavit as to the value of damages).

[22] *Liberty Burger Prop. Co. v. Liberty Rebellion Rest. Grp., LLC*, No. 3:22-CV-00085-E, 2023 WL 349790, at *6 (N.D. Tex. Jan. 20, 2023).

[23] *Hawkins Pro-Cuts, Inc. v. DJT Hair, Inc.*, No. CA 3-96-CV-1728-R, 1997 WL 446458, at *7 (N.D. Tex. July 25, 1997).

by GS Holistic if the counterfeit goods are not destroyed.

Fourth, GS Holistic has proven that the public interest would not be disserved by injunctive relief. Because Defendants have harmed the ability of the public to distinguish between authentic and counterfeit Stündenglass products, the public interest is served by granting an injunction ordering the destruction of counterfeit goods.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** GS Holistic's motion for default judgment against Defendants. Accordingly, the Court **ORDERS** Defendants to pay GS Holistic $16,047.89 and **ORDERS** the destruction of products in the possession of Defendants that infringe on GS Holistic's trademarks. This is a final judgment.

**IT IS SO ORDERED** this 7th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE